QI HUA LIAN, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–4286–ag.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Robert J. Adinolfi, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney, Southern District of Mississippi; Edward O. Pearson, Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner Qi Hua Lian, a native and citizen of the People's Republic of China, seeks review of a July 28, 2004 order of the BIA denying Lian's motion to reopen. *In re Qi Hua Lian*, No. A 77 353 888 (B.I.A. July 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Lian's motion to reopen proceedings based on his failure to abide by the time limitations for such motions. The BIA appropriately noted that it issued the final order of removal in these proceedings on November 7, 2003, and that Lian was required to file his motion to reopen within ninety days of that order, that is, on or before February 5, 2004. U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). However, Lian did not file his motion until June 21, 2004. As such, Lian's motion to reopen was clearly untimely. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2).

Furthermore, Lian failed to demonstrate eligibility for any exceptions to the time limitations for motions to reopen, or show that the ninety-day deadline in his case should have been equitably tolled. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Lian did not provide any reason for the delay in his motion, and failed to comply with the requirements for the filing of motions based on ineffective assistance of counsel, as prescribed by *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Therefore, the BIA properly denied Lian's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).